# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNE LAMAR THOMPSON,<br>    Plaintiff, | )<br>)<br>) |
| vs. | ) Civil Action No. 07-26<br>) Judge Arthur J. Schwab<br>) Magistrate Judge Caiazza |
| PLUM BORO ADMINISTRATION,<br>et al.,<br>    Defendants. | )<br>)<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Plaintiff's motion to proceed in forma pauperis (Doc. 1) be denied in accordance with the provisions of 28 U.S.C. § 1915(g) and that this action be dismissed because of her failure to pay the filing fee. It is further recommended that the Plaintiff be provided with the right to reopen this case by paying the full $350.00 filing fee within sixty days.

### II. REPORT

The Plaintiff, Lynne Lamar, is a prisoner presently confined at the Federal Correctional Institution at Danbury, Connecticut. On December 12, 2006, she filed an application to proceed in forma pauperis ("IFP") in this action (Doc. 1). Consequently, this Court is required to review the Plaintiff's action under the directive in 28 U.S.C. § 1915(g), that was passed as part of the

Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

In the PLRA, Congress adopted a new section known as the "three strikes rule" codified at 28 U.S.C. § 1915(g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended).

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he or she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[1] Court records indicate that the Plaintiff has had as many as seven prior

---

1. The Court of Appeals for the Third Circuit has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included among the three strikes under section 1915(g). See Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

actions dismissed either as frivolous or for failure to state a claim upon which relief may be granted.

Specifically, in Lamar v. Onyundo, Civil Action No. 95-568 (W.D. Pa.), the Plaintiff's action was dismissed as legally frivolous under 28 U.S.C. § 1915(d)[2] by Order dated May 24, 1995. In Lamar v. McDaniels, Civil Action No. 95-640 (W.D. Pa.), the Plaintiff's action was dismissed as legally frivolous under 28 U.S.C. § 1915(d) by Order dated May 12, 1995. In Lamar v. SCI Cambridge Springs, et al., Civil Action No. 97-157E (W.D. Pa.), the Plaintiff's action was dismissed for failure to state a claim upon which relief may be granted by Order dated September 30, 1998. In Lamar v. SCI Cambridge Springs, et al., Civil Action No. 97-201E (W.D. Pa.), the Plaintiff's action was dismissed for failure to state a claim upon which relief may be granted by Order dated November 25, 1998. In Lamar v. Commonwealth of Pennsylvania, et al., Civil Action No. 97-1566 (W.D. Pa.), the Plaintiff's action was dismissed for failure to state a claim upon which relief may be granted by Order dated May 11, 1998. In Lamar v. Pickard, Civil Action No. 01-1333 (W.D. Pa.), the Plaintiff's action was dismissed for failure to state a claim

---

2. In the PLRA, Congress significantly amended former section 1915(d), which is codified at 28 U.S.C. § 1915(e). Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

upon which relief may be granted by Order dated August 3, 2001. In <u>Lamar v. Attorney at Law Robert B. Marcus</u>, Civil Action No. 02-225 (W.D. Pa.), the Plaintiff's action was dismissed as legally frivolous and vexatious and without basis in law or fact under 28 U.S.C. § 1915 by Order dated January 28, 2002.

The only recognized exception to the three strikes provision is for a prisoner who allege facts showing that she was in imminent danger at the time the complaint was filed. <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307 (3d Cir. 2001) (overruling <u>Gibbs v. Roman</u>, 116 F.3d 83, 86 (3d Cir. 1997)). It is clear in this case that no danger of serious physical injury can be derived from the Plaintiff's allegations. Accordingly, the Plaintiff's motion to proceed IFP should not be granted.

### III. **CONCLUSION**

Based on the discussion *supra*, it is respectfully recommended that the Plaintiff's motion to proceed <u>in forma pauperis</u> (Doc. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full $350.00 filing fee within sixty days.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by January 29, 2007.

January 10, 2007               s/Francis X. Caiazza
                               FRANCIS X. CAIAZZA
                               United States Magistrate Judge


cc:  The Honorable Arthur J. Schwab
     United States District Court

     Lynne Lamar, 6337
     07640-068
     Federal Correctional Institution
     33 1/2 Pembroke Station
     Dansburg, CT 06811